IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS AND NETWORKS CORPORATION | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-632C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to RCFC 56, defendant, the United States, respectfully requests the Court to enter judgment in favor of the United States, and to dismiss the complaint with prejudice.

On April 14, 2003, plaintiff, Information Systems And Networks Corporation ("Info Systems"), executed a settlement agreement related to the contract at issue in this case. In relevant part, the settlement agreement read: "to settle, for now and for all times, <u>any and all claims</u> and any other matters <u>arising under or related to subject contract</u>." Ag (emphasis added).[1] The settlement amount was paid to Info Systems by the United States. Aa; Ah.

In short, Info Systems gave the United States a complete release from all claims related to the contract as part of its bargain with the United States. The release covers the allegations in the complaint. Accordingly, the United States has

---

[1] "A" refers to the appendix to this motion. The pages are identified as pages "a" through "j," and then by the numbers 1 through 79.

a complete defense to the allegations in the complaint. The complaint should be dismissed with prejudice.

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

Info Systems entered into a tripartite contract with the Small Business Administration ("SBA") and the United States Air Force. Pursuant to that contract, Info Systems sought, and obtained, a delivery order issued by the Air Force requiring Info Systems to provide services and equipment to the Joint Chiefs of Staff ("DO 6009"). Complaint,
App. 3-4, 12-13 (decision of the board).[2]

The Air Force terminated DO 6009 for convenience. Info Systems submitted a claim to the Air Force contracting officer, and subsequently appealed the deemed denial of that claim to the board of contract appeals. Complaint, App. 40.

Before the board, Info Systems contended that the Air Force breached its contract with Info Systems. Complaint, App. 41.

On April 19, 2003, Mr. Norman Singer, Vice President and General Counsel of Info Systems, executed modification "P00009" to DO 6009, a delivery order issued pursuant to the contract. Modification P00009 was executed by Mr. Howard Carden,

---

[2] "Complaint, App." refers to the appendix to the complaint filed in this action.

contracting officer, on behalf of the United States. Modification P00009 settled "any and all claims and any other matters arising under or related to subject contract." Ag.

Nonetheless, on March 30, 2004, Mr. Norman Singer signed the complaint in this action seeking further damages in connection with the termination of DO 6009.

II. Issue Presented

Whether uncontroverted facts establish that the allegations in the complaint are subject to the complete release from claims given to the United States by Info Systems in April 2003.

III. Statement Of Facts

A full statement of facts, with citations to supporting evidence, is set forth in our proposed findings of fact. We present the following summary for the convenience of the Court.

In April 2003, the United States settled any and all claims related to the Info Systems contract. Info Systems agreed to the settlement, accepted payment pursuant to the settlement, and provided the United States with a complete release from further liability.

All three counts of the complaint are premised upon alleged breaches of contract which occurred as a result of the decision to terminate DO 6009.

SUMMARY OF THE ARGUMENT

Info Systems has already settled all of its claims related

to the contract. Therefore, the United States has a complete defense to the allegations in the complaint, and the complaint should be dismissed.

ARGUMENT

I. Standard Of Review

Summary judgment may be granted where there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987); Ralph Larson & Son, Inc. v. United States, 17 Cl. Ct. 39, 42 (1989).

A court may consider a motion for summary judgment in stages. The initial inquiry should be whether the movant has presented an adequate legal basis for its motion. Once a movant has established an adequate legal basis for its motion, the Court must consider whether the opposing party has identified any genuine issues of material fact. The first step is to determine whether the issues raised are truly factual issues, or are issues of law. The second step is to determine what subset of the truly factual issues are material to the decision of the case. The third step is to examine the evidence presented by the parties to determine whether there is any genuine issue concerning any material factual issue. Ralph Larson & Son, 17 Cl. Ct. at 43 (describing three steps); accord Anderson, 477 U.S. at 248 ("Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

II. Info Systems Has Released The United States From Further Claims Related To The Contract

The Air Force solicited a small business set-aside procurement. Info Systems, a section 8(a) contractor, was the awardee. Complaint, ¶ 7; Complaint, App. 2. The Info Systems contract had the usual standard provisions permitting a section 8(a) contractor to make claims directly to the procuring agency. See A17-18; see also Precision Materials, Inc. v. United States, 1979 WL 16475 at 2, n.6 and n.7 (Ct. Cl. Trial Div.) (discussing tripartite SBA agreement and privity).

The Air Force issued DO 6009 to Info Systems pursuant to contract no. F49642-88-D-0054. A5,48,54-60; see A33-34 (delivery order provisions); see also Complaint, App. 2-5 (board discussion of delivery order provisions generally, and the issuance of DO 6009 pursuant to those provisions).

On June 12, 1990, the Air Force issued a partial termination for convenience related to DO 6009. A74-76; Complaint, ¶ 10. In 1991, Info Systems filed a claim based in part upon the termination, and in 1993, Info Systems appealed the deemed denial of the Info Systems claim to the Armed Services Board of Contract Appeals (the "board"). Complaint,

¶¶ 14-15; see Complaint, App. 33-40 (board decision) (section titled "Invoices and Termination for Convenience Proposal").

On July 10, 2002, the board issued a decision concerning Air Force liability to Info Systems. Complaint, App. 1-55.

On April 14, 2003, Info Systems executed a settlement agreement with the United States. Af-Ag. In relevant part, the settlement agreement read:

> This modification is issued to provide payment to the Contractor, Information Systems Network Corp. (ISN) after full and complete negotiations concluded on 21 March 2003 and decision of ASBCA Case # 46119, for the amount of $1,664,879.00 including both entitlement and quantum and have also decided to settle, for now and for all times, <u>any and all claims</u> and any other matters <u>arising under or related to subject contract</u>. By signing the SF30, the Contractor, ISN, agrees to full settlement of claims as described in this paragraph.

Ag (emphasis added). The settlement amount was paid to Info Systems by the United States. Aa; Ah.

Info Systems agreed to release the United States from "any and all claims and any other matters arising under or related to subject contract." Ag. The plain meaning of the release should be enforced. Air-Sea Forwarders, Inc. v. United States, 166 F.3d 1170, 1171-72 (Fed. Cir. 1999).

The allegations in the complaint are matters arising under or related to the same contract. Accordingly, the United States is entitled to judgment in its favor.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court enter summary judgment in favor of the United States, and dismiss the complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

June 29, 2004

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on June 29, 2004, a copy of the foregoing "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT" and related appendix (in eight pdf files) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier