# In the United States Court of Federal Claims

No. 04-632 C
(Filed October 28, 2004)

* * * * * * * * * * * * * * * * * * * * * *

INFORMATION SYSTEMS AND NETWORKS CORPORATION, *

*Plaintiff*, *

v. *

THE UNITED STATES, *

*Defendant*. *

* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

On September 17, 2004, plaintiff in this case filed Plaintiff's Motion For Voluntary Dismissal Without Prejudice, Or Alternative, Consent Motion For Enlargement of Time To File Its Opposition To Defendant's Motion For Summary Judgment. Therein, Information Systems & Networks Corporation (ISN) asks that the court, pursuant to Rules of the United States Court of Federal Claims ( RCFC) 41(a)(2) dismiss the complaint without prejudice or, if the court will not dismiss the complaint, plaintiff seeks an extension of time to file its opposition to the government's motion for summary judgment of 20 days after the court's ruling on ISN's motion for voluntary dismissal. In support of its motion, plaintiff states that "its Complaint inadvertently contradicts the theory contained in the certified claim submitted to the contracting officer" and seeks leave to re-file its complaint "in order to make it consistent with the certified claim." Complaint at 1.

Defendant objects to a dismissal of the case at this juncture, stating that its motion for summary judgment demonstrates that plaintiff gave the United States a complete release from any claim related to the contract and therefore, defendant contends that record evidence already before the court demonstrates that ISN has no valid claim related to the disputed contract. Under those circumstances, the government states that in light of the fact that it has already invested time and effort in this case, plaintiff should not be permitted to begin anew and cause defendant's

investment of time and effort to be lost, particularly in view of the fact that defendant asserts that the in final analysis, plaintiff's contract claim will still fail inasmuch as it will still be subject to the broad release previously referenced. Although defendant views ISN's claim as "meritless", the government goes on to suggest that "if Info Systems has any revised contract claim that Info Systems can put forth in good faith, then Info Systems should promptly present that claim to this Court in an amended complaint. At that point, we are likely to renew our motion for summary judgment, and it is likely that this case can be resolved with little additional use of resources . . . ." Defendant's Response at 3.

RCFC 15 (a) provides that under the circumstances present in this case, ISN is permitted to file an amended complaint either by leave of the court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Inasmuch as defendant clearly has no objections to this option, and since allowing plaintiff to file an amended complaint fulfills plaintiff's desire to endeavor to make its complaint consistent with the certified claim, the court has determined that the filing of an amended complaint is the best solution to resolve ISN's quandary and will adopt defendant's recommendation in that regard.

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiff's Motion for Voluntary Dismissal Without Prejudice, or Alternatively, Consent Motion for Enlargement of Time to File Its Opposition to Defendant's Motion for Summary Judgment, filed September 17, 2004, is **DENIED**;

(2) Plaintiff shall **FILE** its **AMENDED COMPLAINT** on or before **November 30, 2004**; and

(3) Defendant's Motion for Summary Judgment, filed June 29, 2004, is **DENIED** as moot subject to the government's determination of whether it wishes to renew its motion subsequent to receipt of plaintiff's amended complaint.

s/Lynn J. Bush
Lynn J. Bush
Judge