SINGER & ASSOCIATES
*A Professional Corporation*

ATTORNEYS AT LAW
10411 MOTOR CITY DRIVE
SUITE 725
BETHESDA, MD 28017

TELEPHONE: (301) 469-0400
FASCIMILE: (301) 469-0403
EMAIL: NSINGER@ISNCORP.COM

VIRGINIA OFFICE
810A BULLS NECK ROAD
SUITE ONE
MCLEAN, VA 22102

August 1, 2003

**VIA FEDERAL EXPRESS**

Mr. John Svensson
Administrative Contracting Officer
Defense Contract Management Agency Maryland
217 East Redwood Street, Suite 1800
Baltimore, Maryland 21202-5299

Re: Contract Disputes Act Claim Under Contract No. F49642-88-D-0054

Dear Mr. Svensson:

As Counsel to Information Systems & Networks Corporation ("ISN"), and pursuant to Federal Acquisition Regulations ("FAR") § 52.233-1 and the Contracts Disputes Act of 1978, 41 U.S.C. § 601 et. seq. as amended ("CDA") ISN respectivefully submits the following certified claim for unclaimed contract costs under the above Contract No. F49642-88-D-0054 ("the Contract"). The claim as hereinafter described, consists of unclaimed storage of Government inventory, profit on the unfulfilled portion of the Contract terminated by the Government and other related damages. These amounts were not claimed in prior litigation between ISN and the Government and came to the attention of ISN as a result of certain recent events. These claims are brought within the applicable statute of limitations under 28 U.S.C. § 2501.

## I. Historical Background

On September 22, 1988, the Air Force District of Washington entered into an indefinite-quantity contract, No. F49642-88-D-0054, with the Small Business Administation ("SBA") for provision of all labor, tools, supervision and other services necessary to design, install, certify and manage the integration of 7CG Computer Systems and Networks including local and wide area networks at the 7CG Air Force Communications, Pentagon, Washington, DC and other Air Force Departments in the Washington, DC metropolitan area in accordance with a statement of work dated September 1, 1988. Simultaneously, pursuant to Section 8(a) of the Small Business Act, 15 U.S.C. § 637(a), the SBA entered into a Contract, No. 3-88-1-2885, with ISN for the performance of that work. Pursuant to the Contract, ISN was issued Delivery Order No. 6009 on or about September 14, 1989.



EXHIBIT
A

The Department of Air Force terminated for convenience part of that Delivery Order. The Air Force then contended that the Delivery Order terminated was for work at four sites at a ("fixed-price") $3,400,378.95 (as modified) and that ISN was precluded from recovering costs exceeding that sum, less $158,315 for equipment the Air Force asserted was not delivered and $170,000 the Air Force asserted was added to the Delivery Order to preserve "end-of-year" funds and for which no work was to be performed. ISN, in contrast, contended that the Delivery Order was for work at 13 sites and was being funded incrementally. ISN asserted that, due to the Air Forces reduction of work from 13 to four sites, it was entitled to recover its loss vendor volume discounts, expenses incurred for one-year leases of communication circuits, and other costs relating to the termination. ISN also contended that under the Prompt Payment Act ("PPA"), 31 U.S.C. §§ 3901-07, it was entitled to interest on two unpaid invoices for the terminated Delivery Order. ISN asserted that the two invoices were not "disputed", but the Air Force contended otherwise.

ISN appealed the Air Force Contracting Officer's deemed denial of its $1,383,110.93 certified claim pursuant to the CDA. ISN Then took an appeal to the Armed Services Board of Contract Appeals ("ASBCA"), assigned ASBCA No. 46119. Only the issue of entitlement was before the ASBCA.

## II. The ASBCA

On July 11, 2002, the ASBCA issued its Opinion on the issues before the ASBCA. The threshold issue for resolution by the ASBCA was whether there was a limit on the amount ISN could recover due to the Delivery Order convenience termination. The Air Force contended that the maximum amount ISN could recover in the appeal was the dollar amount remaining on the Delivery Order ($304,632). ISN, however, contended that there were constructive changes to the Delivery Order which were not subject to the general rule that recovery was limited to the contract price. The ASBCA agreed with ISN that there was a constructive change to the parties contract. In part, the ASBCA concluded that the amount of the Delivery Order No. 6009, which changed the contract to provide the installation of a 13-site IWAC Network, was not $3,029,000 as the Air Force asserted but in excess of $6,000,000.

ISN's appeal was thus sustained and remanded to the parties to resolve quantum.

## III. Partial Settlement

ISN's claim under Delivery Order 6009 was partially settled by the Government. The claim herein, is unrelated to Delivery Order 6009, but relates to the overall Contract which was not part of the ISN partial settlement.



1,907,825

## IV. ISN Claim

ISN's CDA claim can be divided into three categories: Storage of Government inventory and profit on the unfilled portion of the Contract and breach of contract damages. Each claim will now be addressed:

1. Storage of Government Inventory

Unrelated to Delivery Order 6009, ISN stored for the Government various Government Inventory under a Contract for the period September 1990, to April, 2000, totaling $43,413.

2. Unfulfilled Portion of the Contract

Under the Contract, ISN was entitled to the reallocation of the indirect costs and profit under the Contract and unrelated to Delivery Order 6009. Excluding the unpriced lease line costs (to be provided by ISN after discovery), the amount under the Contract is $886,640.

In addition to the aforementioned amounts, ISN also claimed applicable Prompt Payment Act interest in CDA interest on the various claims as of the date of this certified claim letter or any other applicable date which may be hereinafter determined.

## V. Conclusion

ISN is requesting that as the cognizant Contracting Officer, you issue a decision in writing or otherwise furnish a copy of the decision to ISN, care of the undersigned. The decision shall state the reasons for the decision reached by you, and shall inform ISN of its rights as provided under the CDA. Specific Findings of Fact are not required, but if made, shall not be binding in any subsequent proceeding.

## VI. Claim Certification

See attached.

Very sincerely yours,

Norman H. Singer, Esq.

Attachment
NHS/mdt

## Claim Certification

I, Roma Malkani, President & CEO of Information Systems & Networks Corporation ("ISN") hereby provides the following Certification as required by 41 U.S.C. § 605 (c)(1)(1994):

1. I am the authorized representative of ISN; I am familiar with ISN's books and records of account and with Contract No. F49642-88-D-0054 as well as SBA Contract No. 3-88-1-2-885. I am also familiar with ISN's prior litigation with the Government before the Armed Services Board of Contract Appeal, ASBCA No. 46119.

2. I hereby certify that ISN's claims as set forth in its Counsel's letter of August 1, 2003, to which this Claim Certification is attached, are made in good faith; that ISN's supporting data are accurate and complete to the best of my knowledge and belief to support the various claims; that the amounts requested accurately reflect ISN's entitlement to the amount set forth; that the Government is liable to ISN for the amounts as set forth.

3. I hereby certify that none of the amounts claimed in the attached CDA claim consist of claims previously asserted in the ASBCA Case No. 46119; none of these claims were covered or could have been covered by any payment made by the Government to ISN.

4. These claims are being asserted within six years after such claims first came to the attention of ISN when such claims therefore first accrued. Thus, the claims comply with 28 U.S.C. § 2501.

5. The facts set forth in ISN's Counsel's letter to which this Certification is attached are based on the investigation of ISN and the results of that investigation provided Counsel.

6. I am duly authorized to certify the claims on behalf of ISN.

Under the Penalty of Perjury
Dated: August 1, 2003

Roma Malkani
President & CEO