IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS AND NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-632C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT

Pursuant to RCFC 56, defendant, the United States, respectfully requests the Court to enter judgment in favor of the United States, and to dismiss the amended complaint with prejudice.

First, the plaintiff, Information Systems And Networks Corporation ("Info Systems"), has provided a complete release to the United States as part of a settlement reached in 2003. Second, the amended complaint fails to identify any legal basis for any alleged liability to Info Systems. Either reason is sufficient to demonstrate our entitlement to judgment in this matter.

On April 14, 2003, Info Systems executed a settlement agreement related to the contract at issue in this case. In relevant part, the settlement agreement read: "to settle, for now and for all times, any and all claims and any other matters arising under or related to subject contract." Ag (emphasis

added).[1] The settlement amount was paid to Info Systems by the United States. Aa; Ah.

In short, Info Systems gave the United States a complete release from all claims related to the contract as part of its bargain with the United States. The release covers the allegations in the amended complaint. Accordingly, the United States has a complete defense to the allegations in the amended complaint. The amended complaint should be dismissed with prejudice.

In the original complaint, Info Systems alleged that a delivery order issued pursuant to contract no. F49642-88-D-0054 (the "contract") related to 13 sites. Info Systems further alleged that when the delivery order was wrongfully terminated, the contract was breached, and Info Systems suffered increased indirect costs with regard to 9 of the 13 sites. Complaint, ¶¶ 30-33.

In the amended complaint, Info Systems no longer contends that the wrongful termination of the delivery order was the relevant breach of contract. However, Info Systems has failed to identify any other alleged breach.

Instead, in the amended complaint, Info Systems merely makes the vague allegation that "[u]nder the JCS Contract, ISN was

---

[1] "A" refers to the appendix to this motion. The pages are identified as pages "a" through "j," and then by the numbers 1 through 81.

entitled to the reimbursement of the indirect costs and profit on the 9 sites encompassed by the JCS Contract." Amended Complaint, ¶ 28. This allegation lacks merit. No provision of the contract requires the United States to pay such costs or profit. Thus, even if Info Systems had not already provided a complete release to the United States, the United States is entitled to summary judgment in this case.

## DEFENDANT'S BRIEF

## STATEMENT OF THE CASE

### I. Nature Of The Case

In 1988, Info Systems entered into a tripartite contract (contract no. F49642-88-D-0054) with the Small Business Administration ("SBA") and the United States Air Force (the "contract"). Pursuant to the contract, the Air Force could, and did, issue delivery orders to Info Systems.

In 1990, the Air Force issued a partial termination for convenience related to Delivery Order ("DO") 6009. Info Systems submitted claims in connection with this termination, and those claims were adjudicated before the Armed Services Board of Contract Appeals ("board"). In 2003, Info Systems entered into a settlement agreement.

In April 2004, Info Systems filed a complaint in this action. In September 2004, Info Systems sought leave to dismiss its complaint without prejudice. On November 30, 2004, Info

Systems filed an amended complaint.

II. Issues Presented

1. Whether the United States is entitled to summary judgment because uncontroverted facts establish that the claims raised in the complaint are subject to the complete release from claims given to the United States by Info Systems in April 2003.

2. Whether the United States is entitled to summary judgment because uncontroverted facts establish that no provision of the contract requires the United States to make the payments for indirect costs and profit that are alleged in paragraph 28 of the amended complaint.

III. Statement Of Facts

A full statement of facts, with citations to supporting evidence, is set forth in our proposed findings of fact. We present the following summary for the convenience of the Court.

In 1988, Info Systems entered a tripartite contract with the SBA and the Air Force. Pursuant to this contract, the Air Force was responsible for administering the contract, and for claims arising under the contract.

Pursuant to the contract, the Air Force could, and did, issue delivery orders to Info Systems. One of the delivery orders issued by the Air Force to Info Systems was DO 6009. A5,48,54-60; see A33-34 (delivery order provisions).

On June 12, 1990, the Air Force issued a partial termination

for convenience related to DO 6009. A74-76; Amended Complaint, ¶ 12. In 1991, Info Systems filed a claim based in part upon the termination, and in 1993, Info Systems appealed the deemed denial of the Info Systems claim to the board. Amended Complaint, ¶¶ 16-17.

In April 2003, the United States settled any and all claims related to the contract. Af-g. Info Systems agreed to release the United States from "any and all claims and any other matters arising under or related to subject contract." Ag. The contract is identified as contract no. F49642-88-D-0054. Af. Info Systems accepted payment pursuant to the settlement agreement. Aa; Ah.

## ARGUMENT

### I. Standard Of Review

Summary judgment may be granted where there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987); Ralph Larson & Son, Inc. v. United States, 17 Cl. Ct. 39, 42 (1989).

A court may consider a motion for summary judgment in stages. The initial inquiry should be whether the movant has presented an adequate legal basis for its motion. Once a movant has established an adequate legal basis for its motion, the Court

must consider whether the opposing party has identified any genuine issues of material fact. The first step is to determine whether the issues raised are truly factual issues, or are issues of law. The second step is to determine what subset of the truly factual issues are material to the decision of the case. The third step is to examine the evidence presented by the parties to determine whether there is any genuine issue concerning any material factual issue. Ralph Larson & Son, 17 Cl. Ct. at 43 (describing three steps); accord Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

II. Info Systems Has Released The United States From Further Claims Related To The Contract

The Air Force solicited a small business set-aside procurement. Info Systems, a section 8(a) contractor, was the awardee. Amended Complaint, ¶¶ 7-8. The Info Systems contract had the usual standard provisions permitting a section 8(a) contractor to make claims directly to the procuring agency. See A17-18; see also Precision Materials, Inc. v. United States, 1979 WL 16475 at 2, n.6 and n.7 (Ct. Cl. Trial Div.) (discussing tripartite SBA agreement and privity).

On April 14, 2003, Info Systems executed a settlement agreement with the United States. Af-Ag. In relevant part, the settlement agreement read:

> This modification is issued to provide payment to the Contractor, Information Systems Network Corp. (ISN) after full and complete negotiations concluded on 21 March 2003 and decision of ASBCA Case # 46119, for the amount of $1,664,879.00 including both entitlement and quantum and have also decided to settle, for now and for all times, any and all claims and any other matters arising under or related to subject contract. By signing the SF30, the Contractor, ISN, agrees to full settlement of claims as described in this paragraph.

Ag (emphasis added). The settlement amount was paid to Info Systems by the United States. Aa; Ah.

Info Systems agreed to release the United States from "any and all claims and any other matters arising under or related to subject contract." Ag. The plain meaning of the release should

be enforced. Air-Sea Forwarders, Inc. v. United States, 166 F.3d 1170, 1171-72 (Fed. Cir. 1999).

The allegations in the complaint are matters arising under or related to the same contract. Accordingly, the United States is entitled to judgment in its favor.

III. The Amended Complaint Cites No Legal Basis For Liability

Paragraph 28 of the amended complaint alleges contract provisions that simply do not exist:

> Under the JCS Contract, ISN was entitled to the reimbursement of the indirect costs and profit on the 9 sites encompassed by the JCS Contract. These indirect costs and profit were unrelated to the Delivery Order.

Amended Complaint, ¶ 28.

In fact, no provision (nor any combination of provisions) of the contract states that plaintiff shall be reimbursed indirect costs or paid profit related to the "9 sites" referenced in paragraph 28 of the Amended Complaint. A1-79 (contract).

Accordingly, the amended complaint fails to establish any legal basis for Count I of the amended complaint. The United States is entitled to judgment with regard to Count I.

Count II is derivative of the allegations in Count I. Count II seeks interest upon the damages alleged for Count I. Thus, Count II fails for the same reasons that Count I fails.

CONCLUSION

For the reasons stated above, we respectfully request that

the Court enter summary judgment in favor of the United States, and dismiss the amended complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

March 10, 2005 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 10, 2005, a copy of the foregoing "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING THE AMENDED COMPLAINT" and related appendix (in nine pdf files) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier