IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, Plaintiff, | No. 04-632C (Judge Bush) |
| v. | |
| THE UNITED STATES OF AMERICA, Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Information Systems & Networks Corporation ("plaintiff or ISN"), by its undersigned attorney, moves this Honorable Court for an Order, pursuant to RCFC Rule 6(b), granting ISN a 30 day enlargement of time to May 23, 2005 to file its Opposition to Defendant's Motion for Summary Judgment filed on March 10, 2005. In support of this motion, ISN states the following:

1. This motion is unopposed. On April 22, 2005, ISN's counsel conferred via e-mail with defendant's counsel as required by RCFC Rule 6.1. Defendant's counsel indicated, also by e-mail, that he would not oppose this motion and he further agreed to a 30-day enlargement of time from April 22, 2005, the date ISN discovered that defendant's Motion for Summary Judgment was filed, to May 23, 2005.

2. Although this motion for enlargement of time is being filed by ISN out of time, the delay in filing is attributable to excusable neglect as defined by RCFC Rule 6(b).

3. The excusable neglect is as follows: Pleadings in this case are filed electronically under this Court's Case Management/Electronic Case Files ("CM/ECF") system. As ISN's counsel of record in this case, Norman Singer should have received an e-mail from CM/ECF containing defendant's Motion for Summary Judgment Concerning Amended Complaint when it was filed on March 10, 2005. Unfortunately, no such e-mail was ever received by Mr. Singer even though the CM/ECF system had him listed as ISN's counsel on this case. Efforts to pinpoint the cause of this failure to be served electronically were to no avail (Mr. Singer's e-mail contained no record of an e-mail from CM/ECF regarding defendant's motion). Regardless of the technical reason for his failure to be properly served with the motion by CM/ECF, Mr. Singer did not have knowledge about the existence of defendant's motion for summary judgment until April 22, 2005, long after the deadline for ISN's opposition and/or a motion for enlargement passed.

4. Upon its April 22, 2005 discovery of defendant's filing, ISN's counsel took immediate steps to obtain a copy of the summary judgment motion from the defendant and to draft this motion to the Court. ISN's tardiness in filing this motion was due to circumstances beyond its control (*i.e.* an e-mail transmission error) and therefore constitutes excusable neglect.

WHEREFORE, for the reasons stated, ISN respectfully requests that this Court enter an Order granting ISN's

Unopposed Motion for Enlargement of Time to File Its Opposition to Defendant's Motion for Summary Judgment and further order that the deadline for filing ISN's Opposition to Defendant's Motion for Summary Judgment be extended to May 23, 2005, 30 days from the date ISN received Defendant's Motion.

Dated: April 25, 2005

Respectfully Submitted,

SINGER & ASSOCIATES, PC

By: s/ Norman H. Singer

NORMAN H. SINGER, Esquire
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
Tel. (301) 469-0400
Fax (301) 469-0403

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Plaintiff's UNOPPOSED Motion For Enlargement of time TO File ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed electronically this 25th day of April, 2005, and served via email on counsel for defendant by virtue of electronic filing.

s/ Norman H. Singer

NORMAN H. SINGER, Esquire

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.