IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS & NETWORKS CORPORATION, Plaintiff,

v.

THE UNITED STATES OF AMERICA, Defendant.

No. 04-632C (Judge Bush)

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT REGARDING OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT**

1. Contract No. F49642-88-D-0054, ("the Prime Contract") was a contract between the Small Business Administration ("SBA") and the Air Force District of Washington ("defendant").

2. Plaintiff Information Systems & Networks Corporation ("ISN") entered into Subcontract no. 3-88-1-2885 ("the Subcontract") with the SBA.

3. In September 1988, ISN, SBA, and defendant entered into a Tripartite Agreement covering the Subcontract and the Prime Contract. Included within the Tripartite Agreement are the various Prime Contract provisions including standard FAR provisions. Provision 23, entitled "Subcontract Provisions," sets forth the rights and obligations of ISN and defendant under the Subcontract including ISN's obligation to perform the

Subcontract in accordance with the terms of the Prime Contract in exchange for the defendant paying ISN under the Subcontract in accordance with the terms of the Prime Contract. The Tripartite Agreement also contained FAR 52.216-18 which states that supplies or services furnished under the Subcontract were to be delivered through Delivery Orders ("DO"s).

4. The Air Force issued Delivery Order 6009 on September 14, 1989.

5. On June 12, 1990, the Air Force issued a partial termination for convenience related to DO 6009.

6. On or about October 23, 1991, ISN submitted a certified CDA Claim for $1,383,111, which represented payment of claimed amounts plus CDA interest in connection with the termination of DO 6009.

7. The cognizant contracting officer did not issue a final decision on ISN's CDA claim. ISN filed a notice of appeal with the Armed Services Board of Contract Appeals ("ASBCA") based upon the deemed-denial of its claim on May 21, 1993. The case was assigned ASBCA No. 46119.

8. On July 10, 2002, the ASBCA issued its Opinion. The ASBCA Opinion concluded that ISN was entitled to recover damages for various losses and costs incurred on the 4 sites under the Delivery Order. It also stated that

the Subcontract and Prime Contract were distinct from one another.

9. The ASBCA Opinion remanded to the parties the resolution of the quantum of the issues decided in ISN's favor on entitlement.

10. On April 14, 2003, ISN executed a settlement agreement with the government and was paid the full amount of the invoice. The payment was made pursuant to a bilateral modification which stated "Agreement for settlement of Information Systems and Networks Corporation to provide funds of $1,664,879 for ASBCA Case No. 46119." The settlement only related to the four claims set forth in the Opinion as well as claims under the Prime Contract, but it did not relate to the Subcontract, which is a separate agreement.

10. While the settlement resolved issues arising under the Delivery Order, it had no bearing on separate entitlements arising under the Subcontract between ISN and the defendant. Neither party contemplated the inclusion of the Subcontract within the scope of the settlement agreement. Specifically, ISN's entitlement to indirect costs and profit are not within the scope of the April 14, 2003 settlement agreement.

11. Under the terms set forth in Table B1 of the Subcontract, ISN is entitled to reimbursement of indirect costs and profit. See A58 and DA4.

Dated: June 22, 2005

Respectfully Submitted,

SINGER & ASSOCIATES, PC

By: s/ Norman H. Singer

NORMAN H. SINGER, Esquire
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
Tel. (301) 469-0400
Fax (301) 469-0403

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT REGARDING OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT was filed electronically this 22nd day of June, 2005, and served via email on counsel for defendant by virtue of electronic filing.

s/ Norman H. Singer
NORMAN H. SINGER, Esquire

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.