IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS
& NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 04-632C
(Judge Bush)

**AMENDED PLAINTIFF'S RESPONSES TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT REGARDING OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT**

Below are Plaintiff's Responses to Defendant's Proposed Findings of Uncontroverted Fact Regarding Defendant's Motion for Summary Judgment Concerning Amended Complaint. Because plaintiff's ("ISN") interpretation and characterization of the contracts at issue in this case differ from those of defendant, plaintiff is submitting its own amended proposed additional findings of uncontroverted fact contemporaneous with these responses. Defendant's proposed findings are listed below. Plaintiff's responses are below each of defendant's proposed findings in bold text:

1. Information Systems and Networks Corporation ("Info Systems"), a section 8(a) contractor, entered into a tripartite contract (contract no. F49642-88-D-0054) with

the Small Business Administration ("SBA") and the United States Air Force. Amended Complaint, ¶¶ 7-8; A2 (tripartite signature page); A1-79 (tripartite contract).[1]

**Admitted that ISN is a Section 8(a) contractor and entered into Tripartite Agreement with defendant. See Plaintiff's Appendix to Amended Opposition to Defendant's Motion for Summary Judgment Concerning Amended Complaint ("A__") at 2, 59; Defendant's Appendix to Defendant's Motion for Summary Judgment Concerning Amended Complaint ("DA__") at 2. Denied to the extent that defendant characterizes the Tripartite Contract as being the same contract as the Prime Contract bearing Contract No. F49642-88-D-0054. See A at 2, 59; See DA at 2 which show that the Tripartite Contract and Prime Contract are distinct from one another.**

2. Contract no. F49642-88-D-0054 (the "contract") had standard provisions permitting a section 8(a) contractor to make claims directly to the procuring agency. A17-18.

**Admitted. See A at 60; See DA at 18.**

1 "Amended Complaint" refers to the amended complaint filed in this action by the plaintiff on or about November 30, 2004. "A" refers to the appendix filed together with "Defendant's motion for summary judgment concerning amended complaint" and these proposed findings of uncontroverted facts. The pages are identified as pages "a" through "j," and then by the numbers 1 through 81.

3. The Air Force issued Delivery Order ("DO") 6009 to Info Systems pursuant to contract no. F49642-88-D-0054. A5,48,54-60; see A33-34 (delivery order provisions).

**Admitted. See DA at 33.**

4. On June 12, 1990, the Air Force issued a partial termination for convenience related to DO 6009. A74-76; Amended Complaint, ¶ 12.

**Admitted. See A at 32.**

5. In 1991, Info Systems filed a claim based in part upon the termination, and in 1993, Info Systems appealed the deemed denial of the Info Systems claim to the Armed Services Board of Contract Appeals (the "board"). Amended Complaint, ¶¶ 16-17.

**Admitted. See Amended Complaint, ¶¶ 16-17.**

6. On July 10, 2002, the board issued a decision concerning Air Force liability to Info Systems. Complaint, App. 1-55 (board decision appended to original complaint in this action).

**Admitted. See A at 51.**

7. On April 14, 2003, Info Systems executed a settlement agreement with the United States. Af-Ag.

**Admitted. See A at 56-57; See DA at F-G.**

8. In part, the settlement agreement read:

> This modification is issued to provide payment to the Contractor, Information Systems Network Corp. (ISN) after full and complete negotiations concluded on 21 March 2003 and decision of ASBCA

> Case # 46119, for the amount of $1,664,879.00 including both entitlement and quantum and have also decided to settle, for now and for all times, any and all claims and any other matters arising under or related to subject contract. By signing the SF30, the Contractor, ISN, agrees to full settlement of claims as described in this paragraph.

Ag.

**Admitted. <u>See</u> A at 56-57; <u>See</u> DA at F-G.**

9. The settlement amount was paid to Info Systems by the United States. Aa; Ah.

**Admitted. <u>See</u> A at 56-57; <u>See</u> DA at F-G.**

10. Info Systems agreed to release the United States from "any and all claims and any other matters arising under or related to subject contract." Ag.

**Admitted. <u>See</u> A at 56-57; <u>See</u> DA at F-G.**

11. The allegations in the Amended Complaint are matters arising under or related to contract no. F49642-88-D-0054. Amended Complaint, ¶¶ 7-9,27-34.

**Denied. <u>See</u> A at 2, 56-57, 59 which illustrate that the Subcontract is a separate and distinct agreement.**

12. No provision (nor any combination of provisions) of the contract states that plaintiff shall be reimbursed indirect costs or paid profit related to the "9 sites" referenced in paragraph 28 of the Amended Complaint. A1-79.

**Denied. <u>See</u> A at 58; <u>See</u> DA at 4 showing that ISN was entitled to indirect costs and profit.**

13. The Amended Complaint fails to identify any specific provision (or combination of provisions) in the contract allegedly breached by a failure of the United States to pay for indirect costs and profit related to the "9 sites" referenced in paragraph 28 of the Amended Complaint. Amended Complaint, ¶¶ 1-34.

**Denied. <u>See</u> Amended Complaint ¶¶ 8, 10 which refers to all of terms of Subcontract including those pertaining to indirect costs and profit related to the "9 sites" referenced in paragraph 28 of the Amended Complaint.**

14. Consistent with its ordinary policies and practices related to document retention and document destruction, the Small Business Administration no longer possesses any paper files related to the contract. A80-81.

**Plaintiff lacks sufficient knowledge to admit or deny.**

Dated: June 29, 2005

Respectfully Submitted,

SINGER & ASSOCIATES, PC

By: <u>s/ Norman H. Singer</u>

NORMAN H. SINGER, Esquire
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
Tel. (301) 469-0400
Fax (301) 469-0403

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing AMENDED PLAINTIFF'S RESPONSES TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT REGARDING OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT was filed electronically this 29th day of June, 2005, and served via email on counsel for defendant by virtue of electronic filing.

s/ Norman H. Singer
NORMAN H. SINGER, Esquire

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.