IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS AND NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-632C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT

Our motion for summary judgment presented two independent bases for entering judgment in favor of the United States. In its response, the plaintiff, Information Systems And Networks Corporation ("Info Systems"), has failed to respond to either demonstration in any significant way. We respectfully request that judgment be granted in favor of the United States, and that the complaint be dismissed with prejudice.

First, in our motion, we identified a complete release granted by Info Systems in connection with its contract. In response, Info Systems, a section 8(a) contractor, alleges that it has filed a claim with regard to its subcontract with the Small Business Administration ("SBA"), and that the release reaches only the prime contract between the SBA and the Air Force. This response lacks merit. The release reaches all claims "related" to the tripartite agreement, and, even assuming for the sake of argument that the complaint alleges a claim only against the SBA, that claim is nonetheless "related" to the

tripartite agreement.

Second, in our motion, we demonstrated that Info Systems had failed to allege any breach of contract. In its response, Info Systems identifies only a general provision stating that the Air Force will be responsible for payments to Info Systems, and a schedule of labor rates that includes a paragraph identifying overhead and profit burden on labor costs. Even assuming that the contract, as amended, required the burdens identified by Info Systems, the complaint states no claim upon which relief may be granted because the complaint fails to identify any labor costs for which the burdens were not paid.

## I. The "Subcontract" Claim Falls Within The Scope Of The Release Executed By The Plaintiff

As set forth in our summary judgment motion, and admitted by Info Systems in its response, Info Systems was a small business, qualified as a section 8(a) contractor by the SBA, who entered into a tripartite agreement with the SBA and the Air Force. Info Systems Response to PFUF 1.[1] Pursuant to tripartite contract no. F49642-88-D-0054 (the "contract"), the SBA agreed to "furnish the supplies or services set forth in this contract . . . by subcontracting with an eligible concern pursuant to [section

[1] "Info Systems Response to PFUF" means "Amended plaintiff's response to defendant's proposed findings of uncontroverted fact regarding opposition to defendant's motion for summary judgment concerning amended complaint," filed June 29, 2005.

8(a)]." A17 (emphasis added).[2] The Air Force agreed to administer the subcontract with Info Systems directly, the Air Force agreed to pay Info Systems directly for work performed by Info Systems, and the Air Force agreed to permit Info Systems to file any claims directly against the Air Force. A17; Info Systems Opposition at 7;[3] Info Systems Response to PFUF 2. These were standard provisions for a section 8(a) contract. 48 C.F.R. § 52.219-11 (1984); A17; Info Systems Response to PFUF 2.

As Info Systems admits, the Air Force issued Delivery Order ("DO") 6009 to Info Systems pursuant to the contract, the Air Force issued a partial termination for convenience related to DO 6009, Info Systems filed a claim based in part upon that termination, and Info Systems subsequently entered into a settlement agreement. Info System Response to PFUF 3-10. In part, the settlement agreement read:

> This modification is issued to provide payment to the Contractor, Information Systems Network Corp. (ISN) after full and complete negotiations concluded on 21 March 2003 and decision of ASBCA Case # 46119, for the amount of $1,664,879.00 including both entitlement and quantum and have also decided to settle, for now and for all times, any and

[2] "A" refers to the appendix to "Defendant's motion for summary judgment concerning amended complaint," filed March 10, 2005. The pages are identified as pages "a" through "j," and then by the numbers 1 through 81.

[3] "Info Systems Opposition" means "Plaintiff's amended opposition to defendant's motion for summary judgment concerning amended complaint," filed June 29, 2005.

> all claims and any other matters arising under or related to subject contract. By signing the SF30, the Contractor, ISN, agrees to full settlement of claims as described in this paragraph.

Ag (emphasis added); Info System Response to PFUF 9.

In its response to our motion, Info Systems does not contend that the settlement agreement is not enforceable. Instead, Info Systems contends that the settlement agreement does not reach the claims in its complaint:

> the April 13, 2003 settlement agreement did not release the defendant from liability for indirect costs and profit under ISN's subcontract No. 3-88-1-2885 (the "Subcontract"). ISN only released the defendant from liability under the Prime Contract, No F49642-88-D0054, and Delivery Order No. 6009.

Info Systems Opposition, at 1.

Info System's interpretation of the settlement agreement lacks any merit. The plain meaning of the settlement agreement should be enforced. Air-Sea Forwarders, Inc. v. United States, 166 F.3d 1170, 1171-72 (Fed. Cir. 1999).

Info Systems contends that, as a factual matter, the prime contract and the subcontract are separate agreements. Info Systems PFUF 1-2;[4] Info Systems Opposition at 7 ("the Subcontract, which is distinct and separate from the Prime

[4] "Info Systems PFUF" means "Plaintiff's amended proposed additional findings of uncontroverted fact regarding opposition to defendant's motion for summary judgment concerning amended complaint," filed June 29, 2005.

Contract"). Info Systems is clearly mistaken in certain respects; the issue of whether the tripartite agreement contains two separate contracts is a question of law (contract interpretation), not a question of fact. Grumman Data Systems Corp. v. Dalton, 88 F.3d 990, 997 (Fed. Cir. 1996) ("The interpretation of a contract provision is a question of law.").

Moreover, the Info Systems legal contention that the prime contract and the subcontract in a tripartite agreement are separate agreements is not clearly established. See Precision Materials, Inc. v. United States, 1979 WL 16475 at 2, n.6 and n.7 (Ct. Cl. Trial Div.) (discussing tripartite SBA agreement and privity). However, the Court need not decide whether a section 8(a) subcontract is entirely separate from the prime contract or the tripartite contract. For the purposes of our summary judgment motion, it is irrelevant whether the subcontract is an agreement entirely separate from the prime contract or tripartite contract.

The scope of the release granted by Info Systems is not limited to the four corners of the contract. Instead, the plain meaning of the release is extremely broad; it encompasses both "claims" and "matters" "arising under or related to" the contract. Ag (emphasis added).

Even if the subcontract is an agreement separate from the prime contract, a claim made pursuant to the subcontract is

clearly a claim or matter "arising under or related to" contract no. F49642-88-D-0054. This is true as a matter of law.

First, in any contractual setting, it is difficult to imagine how a subcontract could not be "related" to a prime contract. Second, in this contractual setting, the rights and obligations of the prime contract and the subcontract were not only "related" in the ordinary sense, the rights and obligations of the prime contract and the subcontract were identical or nearly identical.

The identical or nearly identical nature of the rights and obligations is demonstrated, as a matter of law, from the plain meaning of the tripartite agreement. E.g., A9 (all payments under prime contract made directly to Info Systems); A17 (section 22(a)) (all SBA performance obligations related to statement of work in prime contract satisfied by subcontract); A17 (section 22(c)) (Air Force granted complete authority to administer subcontract); A17 (section 22(d)) (all payments under subcontract made by Air Force to Info Systems); A17 (section 22(e)) (Info Systems granted all rights of SBA to make claims against Air Force under the disputes clause in prime contract); A18 (section 23(b)) (Info Systems agrees to perform all obligations of SBA under the prime contract, and Info Systems acknowledges that Air Force has delegated authority to administer subcontract); A18 (section 23(c)) (Info Systems acknowledges that all payments

pursuant to the subcontract will be made by the Air Force); A33 (section 15) (all orders for supplies or services under the tripartite agreement "shall be ordered by the issuance of delivery orders") (emphasis added).

Indeed, Info Systems has admitted that the prime contract and the subcontract create overlapping rights and obligations:

> under the Subcontract, ISN would be required, on behalf of the SBA, to fulfill all of the SBA's obligations under the Prime Contract in exchange for payment under the terms of the Prime Contract. Id. Section 23 further provides that the administration of the Subcontract would be delegated by the SBA to the defendant. Id. Finally, it provides that all payments under the Subcontract would be made directly from the defendant to ISN, not the SBA. Id.

Info Systems Opposition, at 7.

Info Systems has also admitted that the goods and services to be provided under the tripartite agreement were required to be identified by means of delivery orders. Info Systems Opposition, at 7 ("Tripartite Agreement also contains standard provision FAR 52.216-18 which pertains to the issuance of DOs under the Prime Contract"). No provision of the tripartite agreement permitted SBA to issue any delivery order, see A1-79, and Info Systems has never alleged that the SBA issued any delivery order. Accordingly, as a matter of law, there was never any scope of work required by the subcontract with SBA beyond the scope of work defined by the delivery orders issued by the Air Force

pursuant to the prime contract.

In its response to our summary judgment motion, Info Systems offers no reasonable interpretation of the term "related to" in the settlement agreement. Dodson Livestock Company v. United States, 48 Fed. Cl. 551, 561 (2001) (reasonably intelligent person standard for determining the plain meaning). Accordingly, the contract language is not ambiguous, and the plain meaning should be enforced.

In its response, Info Systems makes an unsupported and unsupportable characterization of the tripartite agreement, and makes the unsupported contention that claims under the subcontract are not claims or matters "related" to the contract:

> The fact that the Subcontract was to be performed in accordance with the terms of the Prime Contract was only to assure that the terms of the Subcontract did not exceed those of the Prime Contract. This does not make the Subcontract "related to" the Prime contract for purposes of a release.

Info Systems Opposition, at 12. The suggestion that there was only some minor connection between the subcontract and the contract lacks merit. As discussed above, the rights and obligations of the two components of the tripartite agreement were identical or nearly identical. Similarly, in its response to our proposed findings of fact, Info Systems fails to offer any reasonable explanation for how its claim under its subcontract is not related to the contract:

> Denied. See A at 2, 56-57, 59 which illustrate that the Subcontract is a separate and distinct agreement.

Info Systems Response To PFUF 11. Even assuming for the sake of argument that the prime contract and subcontract are "separate and distinct," that is no reason to conclude that they are not related.

In summary, as a matter of the plain meaning of the tripartite agreement, any claim by Info Systems under the subcontract with SBA is clearly within the scope of "any and all claims and any other matters arising under or related to subject contract." See Ag. As a practical matter, any such claims are identical; as a matter of law, such claims are clearly "related" matters. The plain meaning of the release in the settlement agreement should be enforced. Air-Sea Forwarders, Inc. v. United States, 166 F.3d at 1171-72.

II. The Complaint Fails To Allege Any Breach Of Contract

As demonstrated in our motion for summary judgment (and the copy of the tripartite agreement contained in our appendix), the amended complaint fails to identify any breach of contract. In its response to our motion, Info Systems has again failed to identify any breach of contract. Accordingly, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

In its response, Info Systems cites only two provisions of

the contract: the general requirement that the Air Force will pay amounts owed under the subcontract, A18, and the schedule of labor rates and labor burdens for work performed, A4. See Info Systems Opposition, at 9, 12-13; Info Systems PFUF 13. Info Systems fails to allege, or demonstrate with competent evidence, how either contractual provision was breached.

It is true that the prices set forth in Table B-1 provided for fringe benefits, overhead, G&A, and profit to be added to the identified labor rates. However, these additional amounts were calculated as percentages to "be applied to direct labor costs." A4. In other words, these additional amounts were identified as part of the price for work performed.

Under the tripartite agreement, services and supplies were ordered pursuant to delivery orders. A33. Absent a delivery order, there was no work requirement. A33-34.

In the complaint, and in the Info Systems response to our motion for summary judgment, Info Systems has failed to allege or identify any delivery order to which it contends that the prices on table B-1 should be applied. In other words, Info Systems has failed to state a claim upon which relief might be granted under the terms of the contract.

(In the original complaint, Info Systems identified delivery order 6009. However, Info Systems now admits that all claims related to delivery order 6009 fall within the scope of the

release in the settlement agreement. Info Systems Opposition at 8.)

While Info Systems fails to cite any relevant contract provision, it does make one additional allegation in connection with its allegations of breach. Info Systems alleges a right to payment in connection with certain sites where no work was performed:

> The entitlement to indirect costs and profit are applicable to all aspects of the Subcontract, including the "9 sites" that were encompassed in the subcontract.

Info Systems Opposition, at 10. Info Systems fails to identify the "9 sites," and fails to identify any contract provision authorizing any payment in connection with such sites. Accordingly, Info Systems has failed to allege or demonstrate basic elements of a breach of contract claim: the contract provision, and facts demonstrating breach of that provision.

Judgment should be entered in favor of the United States, and the complaint should be dismissed.

CONCLUSION

For the reasons stated above, we respectfully request that the Court enter summary judgment in favor of the United States, and dismiss the amended complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

July , 2005 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July , 2005, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF’S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING THE AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier