IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS AND NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-632C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
AMENDED PROPOSED ADDITIONAL FINDINGS OF
UNCONTROVERTED FACT REGARDING OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT

**1. Contract No. F49642-88-D-0054, ("the Prime Contract") was a contract between the Small Business Administration ("SBA") and the Air Force District of Washington ("defendant"). See Plaintiff's Appendix to Amended Opposition to Defendants Motion for Summary Judgment Concerning Amended Complaint ("A_") at 2, 60; Defendant's Appendix to Defendant's Motion for Summary Judgment Concerning Amended Complaint ("DA_") at 18.**

RESPONSE:

We object upon the grounds that proposed finding is vague and argumentative (particularly the characterization of the defendant). Without waiving any objection, we respond as follows.

Admits, in part. Information Systems and Networks Corporation ("Info Systems"), a section 8(a) contractor, entered into a tripartite contract (contract no. F49642-88-D-0054) with the Small Business Administration ("SBA") and the United States

Air Force. Amended Complaint, ¶¶ 7-8; A2 (tripartite signature page); A1-79 (tripartite contract).[1]

**2. Plaintiff Information Systems & Networks Corporation ("ISN") entered into Subcontract no 3-88-1-2885 (the "Subcontract") with the SBA. See A at 2, 59; See DA at 2.**

RESPONSE:

We object upon the grounds that proposed finding is incomplete and misleading. We further object upon the grounds that this fact is not material to our motion for summary judgment. Without waiving any objection, we respond as follows.

Admits, in part. Finding no. 2 implies that there was a separate document that was the subcontract, but that is not true. Info Systems entered into a tripartite contract (contract no. F49642-88-D-0054) with the SBA and the Air Force. Amended Complaint, ¶¶ 7-8; A2 (tripartite signature page); A1-79 (tripartite contract). However, we admit that this single document (the tripartite agreement) did include provisions referencing a subcontract numbered 3-88-1-2885.

**3. In September 1988, ISN, SBA, and defendant entered into**

---

[1] "Amended Complaint" refers to the amended complaint filed in this action by the plaintiff on or about November 30, 2004. "A" refers to the appendix filed together with "Defendant's motion for summary judgment concerning amended complaint" and these proposed findings of uncontroverted facts. The pages are identified as pages "a" through "j," and then by the numbers 1 through 81.

**a Tripartite Agreement covering the Subcontract and the Prime Contract. See DA at 2. Included within the Tripartite Agreement are the various Prime Contract provisions including standard FAR provisions. See DA at 1-60. Provision 23, entitled "Subcontract Provisions," sets forth the rights and obligations of ISN and defendant under the Subcontract including ISN's obligation to perform the Subcontract in accordance with the terms of the Prime Contract in exchange for the defendant paying ISN under the Subcontract in accordance with the terms of the Prime Contract. See A at 60; DA at 18. The Tripartite Agreement also contained FAR 52.216-18 which states that supplies or services furnished under the Subcontract were to be delivered through Delivery Orders ("DO's). See DA at 13.**

RESPONSE:

We object to finding 3 upon the grounds that it does not state findings of fact; instead, it characterizes legal agreements and legal obligations. Without waiving any objection, we respond as follows:

Admits, in part. We admit that the tripartite agreement contains references to a prime contract between SBA and the Air Force, and a subcontract between SBA and Info Systems. E.g., A2. We admit that the tripartite agreement contains several standard FAR provisions, including FAR 52.216-18. See A33 (delivery order

provision). We admit that the tripartite agreement includes a section 23 titled "Special 8(a) Subcontract Conditions." A18.

**4. The Air Force issued Delivery Order 6009 on September 14, 1989.**

RESPONSE:

We object to finding 4 upon the grounds that it is not material to our motion for summary judgment. Without waiving any objection, we respond as follows:

Admits.

**5. On or about October 23, 1991, ISN submitted a certified CDA Claim for $1,383,111, which represented payment of claimed amounts plus CDA interest in connection with the termination of DO 6009. See A at 38.**

RESPONSE:

We object to finding 5 upon the grounds that it is not material to our motion for summary judgment, and upon the grounds that it is vague and confused. Without waiving any objection, we respond as follows:

Admits, in part. We admit that Info Systems submitted a claim for $1,383,110.93 on October 23, 1991 in connection with a termination for convenience of delivery order 6009.

**6. The cognizant contracting officer did not issue a final decision on ISN's CDA claim. See A at 40. ISN filed a notice of appeal with the Armed Services Board of Contract Appeals**

**("ASBCA") based upon the deemed-denial of its claim on May 21, 1993. See A at 40. The case was assigned ASBCA No. 46119. See A at 40.**

RESPONSE:

We object to finding 6 upon the grounds that it is not material to our motion for summary judgment. Without waiving any objection, we respond as follows:

Admits.

**7. On July 10, 2002, the ASBCA issued its Opinion. See A at 51. The ASBCA Opinion concluded that ISN was entitled to recover damages for various losses and costs incurred on the 4 sites under the Delivery Order. See A at 41 to 51. It also stated that the Subcontract and Prime Contract were distinct from one another. See A at 2.**

RESPONSE:

We object to finding 7 upon the grounds that it is not material to our motion for summary judgment, and upon the grounds that it does not set forth a statement of fact. Instead, it characterizes legal findings and holdings. Without waiving any objection, we respond as follows:

Denies. There was no holding concerning whether the subcontract and prime contract were distinct from one another. To the contrary, the board included both in its defined term, "contract" -- a recognition that both were part of a single

document, the tripartite agreement. Plaintiff's appendix at 2.

Furthermore, Info Systems mis-characterizes the board's decision. The board did not focus upon whether Info Systems was "entitled to recover damages." The principal issue concerned an Air Force defense limiting the Info Systems recovery following a termination for convenience. A general entitlement to payment (as limited in the regulations and by case law) in the wake of a decision to terminate for convenience was not at issue. In any event, the board decision is not material to our motion for summary judgment.

**8. The ASBCA Opinion remanded to the parties the resolution of the quantum of the issues decided in ISN's favor on entitlement. <u>See</u> A at 51.**

<u>RESPONSE</u>:

We object to finding 8 upon the grounds that it is not material to our motion for summary judgment, and upon the grounds that it does not set forth a statement of fact. Instead, it characterizes legal rulings. Without waiving any objection, we respond as follows:

<u>Denies</u>. The case was remanded for determination of proper termination for convenience costs in light of the board's rulings concerning various defenses raised by the Air Force. In any event, the board decision is not material to our motion for summary judgment.

**9. On April 14, 2003, ISN executed a settlement agreement with the government only related to the four claims set forth in the Opinion as well as claims under the Prime Contract, but it did not relate to the Subcontract, which is a separate agreement. See A at 56-57; See DA at f-g.**

RESPONSE:

We object to finding 9 upon the grounds that it does not set forth a statement of fact. Instead, it offers contract interpretation: a statement of law. Without waiving any objection, we respond as follows:

Denies. The interpretation of the contract offered by Info Systems is inconsistent with the plain meaning of the release in the settlement agreement. Af-g; see the motion for summary judgment and reply brief filed by the United States in the case.

**10. The "subject contract" referred to in the settlement agreement was Prime Contract No. F49642-88-D-0054 only. See A at 56-57; See DA at F-G.**

RESPONSE:

We object to finding 10 upon the grounds that it does not set forth a statement of fact. Instead, it offers contract interpretation: a statement of law. Without waiving any objection, we respond as follows:

Denies. The "subject contract" was the tripartite agreement, which bears the number F49642-88-D-0054. Furthermore,

the word "only" does not appear in the release. The interpretation offered by Info Systems is inconsistent with the plain meaning of the release in the settlement agreement and the tripartite agreement. Af-g; A1-79.

**11. Subcontract no. 3-88-11-2885 was not a "subject contract" under the settlement agreement. See A at 56-57; See DA at F-G.**

RESPONSE:

We object to finding 11 upon the grounds that it does not set forth a statement of fact. Instead, it offers contract interpretation: a statement of law. Without waiving any objection, we respond as follows:

Denies. The interpretation offered by Info Systems is inconsistent with the plain meaning of the release in the settlement agreement and the tripartite agreement, which bears the number F49642-88-D-0054. Af-g; A1-79. The subcontract is a part of the tripartite agreement, which is a single document. A1-79.

**12. While the settlement resolved issues arising under the Delivery Order, it had no bearing on separate entitlements arising under the Subcontract between ISN and the defendant. See A at 56-57; See DA at F-G. Neither party contemplated the inclusion of the Subcontract within the scope of the settlement agreement. See A at 56-57; See DA at F-G. Specifically, ISN's**

**entitlement to indirect costs and profit was not within the scope of the April 14, 2003 settlement agreement. See A at 56-57; See DA at F-G.**

RESPONSE:

We object to finding 12 upon the grounds that it does not set forth a statement of fact. Instead, it offers contract interpretation: a statement of law. Without waiving any objection, we respond as follows:

Denies. The interpretation offered by Info Systems is inconsistent with the plain meaning of the release in the settlement agreement and the tripartite agreement, which bears the number F49642-88-D-0054. Af-g; A1-79. The subcontract is a part of the tripartite agreement, which is a single document. A1-79. The last sentence of finding 12 is unintelligible, compound and unsupported; no "entitlement to indirect costs and profits" is clearly identified, and we know of no such entitlement. Indeed, Info Systems has failed to even identify any specific contract provision allegedly giving rise to such entitlement.

**13. Under the terms set forth in Table B1 of the Subcontract, ISN is entitled to reimbursement of indirect costs and profit. See A at 58 and DA at 4.**

RESPONSE:

We object to finding 13 upon the grounds that it does not

set forth a statement of fact. Instead, it offers contract interpretation: a statement of law. Without waiving any objection, we respond as follows:

Denies. The interpretation offered by Info Systems is inconsistent with the plain meaning of the tripartite agreement, which bears the number F49642-88-D-0054. Af-g; A1-79. The subcontract is a part of the tripartite agreement, which is a single document. A1-79.

Table B-1 identifies labor rates for work performed by various categories of employees, and further provides for four separate mark-ups to be added to labor costs: fringe benefits, overhead (on site), G&A and profit. A4. Accordingly, pursuant to table B-1, these four categories of price are recovered only in conjunction with labor costs. A4 ("the following cost elements will be applied to direct labor costs").

The tripartite agreement further provides that all supplies and services will be ordered pursuant to delivery orders. A33-34. Accordingly, absent a delivery order for labor, there could be no liability for any of the four categories described on table B-1. A4,33-34. In this case, Info Systems has failed to identify any relevant delivery order as part of the basis for its claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

July __, 2005 Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on July __, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF’S AMENDED PROPOSED ADDITIONAL FINDINGS OF UNCONTROVERTED FACT REGARDING OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CONCERNING AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier